**SO ORDERED.**

**SIGNED this 23 day of September, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

IN RE:

**RICHARD SETH GOLDSTEIN,**                      **CHAPTER 7**
                                                 **CASE NO. 11-03210-8-RDD**

      **DEBTOR**

### ORDER DENYING MOTION TO DECLARE ASSET NON-EXEMPT AND FOR TURNOVER

Pending before the Court is the Motion to Declare Asset Non-Exempt and for Turnover (the "Motion") filed by the Chapter 7 Trustee on July 27, 2011 objecting to claimed exemptions of Richard Seth Goldstein, (the "Debtor") and ordering turnover of assets. A hearing was held in Wilson, North Carolina on September 8, 2011 to consider the Motion.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2011. The Debtor attended a mandatory § 341 Meeting of Creditors on July 19, 2011. During the § 341 Meeting, the Debtor stated he was in possession of an Individual Retirement Account ("IRA") managed by Edward Jones. The Debtor also stated that since 2009 he has used funds from the IRA to pay for his living expenses. The Debtor acknowledged that he failed to list

the IRA in his original schedules and statements but stated he has since filed amendments to include the property and claim an exemption in the IRA pursuant to N.C. Gen Stat. § 1C-1601(a)(9).

At the hearing on the Motion, the Debtor produced evidence proving that his IRA was classified as tax exempt under 28 U.S.C. § 408. The Trustee made no objection to its treatment as such. The Debtor also testified that he was born on May 11, 1949 and that none of the withdrawals from the IRA were subject to a penalty tax because he was age 59 ½ at the time withdrawals were made. Furthermore, the Debtor testified that in addition to using funds from the IRA to cover living expenses, he withdrew approximately $60,000 from the IRA between January 2009 and July 2010 to repay loans secured by a separate Edward Jones brokerage account. The Debtor testified that on occasion there were individual withdrawals of approximately $10,000 and $20,000.[1] However, the Debtor testified that his usual withdrawals were in amounts less than $2,000 a month. The Debtor also testified that apart from income from a rental property in Florida his only other source of income was from part-time employment at East Carolina University and private insurance sales.[2] The Debtor currently has a balance of approximately $90,000 remaining in the IRA.

### STATEMENT OF THE CASE

In the Motion, the Chapter 7 Trustee asserts that the remaining funds from the Debtor's IRA should not be exempt and must be turned over to the estate. The Trustee argues that the IRA is a non-exempt asset because the funds were used by the Debtor to pay his personal expenses in a

---

[1]Specifically, Debtor's testimony illustrated the largest disbursements were as follows: $20,000 on March 5, 2009; $10,000 on March 24, 2009; $10,000 on May 5, 2009; $10,000 on May 24, 2009; and $10,232.47 in July 2010. Debtor stated that these withdrawals were used to cover the margin on his separate Edward Jones brokerage account.

[2]Debtor testified he began working at East Carolina University in the summer of 2010 and with Aflac, Inc. in the Summer of 2011. Prior to this employment, Debtor testified he was unemployed since 2006 and relied on his IRA for basic expenses beginning in 2009.

2

manner that resembles use as a personal checking account, which the Trustee asserts is a violation of 26 U.S.C. § 4975(c). The Trustee argues the withdrawals of funds in the amounts of $10,000 and $20,000 is proof that the use exceeds the Debtor's ordinary living expenses and therefore the withdrawals qualify as prohibited transfers under § 4975(c). According to the Trustee, a prohibited transfer is a transfer to a disqualified person, which includes "the IRA holder and any estate in which the IRA holder has a 50% or greater interest." Brief for Trustee at 2 *In re Goldstein*, Case No. 11-03210-8-RDD (Bankr. E.D.N.C. filed April 25, 2011). Therefore, the Trustee contends that the Debtor engaged in a prohibited transfer by withdrawing the funds for personal use, that the remaining balance of the IRA should no longer receive tax exempt status under the 26 U.S.C. § 408(e), and that the IRA is non-exempt from the bankruptcy estate under N.C. Gen. Stat. § 1C-1601(a)(9).

The Debtor states that North Carolina law allows bankruptcy debtors to exempt IRA accounts that are classified as tax exempt under 26 U.S.C. § 408. Furthermore, Debtor argues that it is the public policy of the State of North Carolina to protect the right of an account holder to receive distributions from his or her IRA and as such, any account tax exempt under § 408 shall be exempt from the bankruptcy estate. Finally, Debtor argues his use of the funds is not inconsistent with the purpose of an IRA and that the remainder of the IRA claimed as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(9) should be allowed.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 4003(c) places the burden of proving that an exemption is not properly claimed on the party objecting to the exemption. Therefore, in this matter the Trustee has the burden of proving the Debtor's IRA is a non-exempt asset.

The exemptions provided to a debtor under 11 U.S.C. § 522(d) are not applicable to the residents of North Carolina. N.C. Gen. Stat. § 1C-1601(f) (2009). Instead, North Carolina law provides bankruptcy debtors with a separate set of exemptions. The applicable exemption for an IRA in North Carolina protects:

> [i]ndividual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner as an individual retirement plan under the Internal Revenue Code, including individual retirement accounts and Roth retirement accounts as described in section 408(a) and section 408A of the Internal Revenue Code, individual retirement annuities as described in section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in section 408(c) of the Internal Revenue Code.

N.C. Gen. Stat. § 1C-1601(a)(9) (2009).

The Supreme Court has held that if an account qualifies as an IRA under 26 U.S.C. § 408, an account holder has "a nonforfeitable right to the balance held in those accounts." *Rousey v. Jacoway*, 544 U.S. 320, 327 (2005). Under 26 U.S.C. § 408(e)(2), an IRA loses its tax exempt status only when an account holder engages in a prohibited transaction as defined by 26 U.S.C. § 4975. Section 4975(c)(1) expressly prohibits the direct or indirect:

> (A) sale or exchange, or leasing of any property between a plan and a disqualified person;
> (B) lending of money or other extension of credit between a plan and a disqualified person;
> (C) furnishing of goods, services, or facilities between a plan and a disqualified person;
> (D) transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan;
> (E) act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account; or
> (F) receipt of any consideration for his own personal account by any disqualified person who is a fiduciary from any party dealing with the plan in connection with a transaction involving the income or assets of the plan.

26 U.S.C. § 4975(c) (2011).

The thrust of this statute explains that a transfer will only be a prohibited transaction if there is a transfer of property of the IRA to a disqualified person. Section 4975(e)(2) describes the numerous classifications of disqualified persons. Generally the account holder of an IRA is not a disqualified person unless he or she acts as a fiduciary to the account. A fiduciary is defined as any person who:

> (A) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
> (B) renders investment advice for a fee or other compensation… or,
> (C) has any discretionary authority or discretionary responsibility in the administration of such plan.

*In re Meredith*, 2005 Bankr. LEXIS 2798. at *14 (Bankr. E.D.Va. May 19, 2005) (citing 26 U.S.C. §4975(e)(3)).

The nonforfeitable right to the balance of an IRA is subject to an age restriction because 26 U.S.C. § 72(t) imposes a 10-percent tax penalty on "withdrawals from IRAs made before the accountholder turns 59 ½." *Rousey*, 544 U.S. at 327.  However, once the account holder reaches age 59 ½ withdrawals may be made penalty free with no effect on the tax exempt status of the account. § 72(t).

Based on the evidence presented at the hearing, the Court finds that the Debtor was the account holder of an IRA that qualified as a tax exempt IRA under 26 U.S.C. § 408. The Trustee has not met its Rule 4003(c) burden of proving the IRA is not qualified for exemption from the bankruptcy estate under N.C. Gen. Stat. § 1C-1601(a)(9). The Trustee presented no evidence suggesting that the Debtor engaged in a prohibited transfer as defined in 26 U.S.C. § 4975 that would disqualify the IRA from the § 408 tax exemption because the funds were transferred directly

to the Debtor to pay his debts. The Internal Revenue Code and the Supreme Court's interpretation of it in *Rousey v. Jacoway* suggests that when IRA funds are transferred to an account holder, the account holder has a nonforfeitable right to receive those funds under § 4975. Such a transfer is not to a disqualified person, as defined by § 4975(e)(2), unless the account holder is a fiduciary to the account. Section 4975(e)(3) defines a fiduciary as a person who exercises discretionary control or authority over the assets or the plan or renders investment advice for a fee. The Court finds that the Debtor was not a fiduciary in relation to the IRA because the evidence shows the account was managed by professionals at Edward Jones. There is no evidence that the Debtor had any level of control over the investment of the funds in the IRA. In light of the fact that the Debtor was not a fiduciary, the Court that finds no prohibited transaction occurred.

The Court also finds that at the time withdrawals were made, the Debtor was at least 59 ½ years of age and was permitted to withdraw funds from his IRA penalty free. The evidence presented clearly shows that the Debtor has a nonforfeitable right to withdraw funds from the IRA for personal use penalty free pursuant to *Rousey v. Jacoway*. Furthermore, the evidence suggests that even if the Debtor were penalized for early withdrawal of IRA funds, the imposition of the penalty would not result in the loss of tax exempt status because 26 U.S.C. § 408 tax exemption is only terminated by a prohibited transfer to a disqualified person. In this case, the Debtor is not a disqualified person.

Because the Court finds that no prohibited transfer occurred rendering loss of tax exempt status under § 408, the balance of Debtor's Edward Jones IRA is exempt under N.C. Gen. Stat. § 1C-1601(a)(9). Therefore, the Trustee's objection to the exemption is **OVERRULED** and the Motion is **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**